**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| DIAMOND OFFSHORE DRILLING, INC., *et al.*, | § | Case No. 20-32307 (DRJ) |
| | § | |
| | § | (Jointly Administration Pending) |
| Debtors.[1] | § | (Emergency Hearing Requested) |

**NOTICE OF TELEPHONIC AND VIDEO CONFERENCE HEARING ON CERTAIN EMERGENCY MOTIONS**

**PLEASE TAKE NOTICE** that the following matters are set for emergency hearing on **April 27, 2020 at 2:00 p.m. CT** before the Honorable David R. Jones, United States Bankruptcy Judge, 515 Rusk Street, Courtroom 400 Houston, Texas 77002 (the "Hearing").

On March 9, 2020, the Bankruptcy Court for the Southern District of Texas (the "Court") entered the Order Adopting Hearing Protocols that may be Implemented under Certain Public Health or Safety Conditions (the "Protocol"). A copy of the Protocol is attached hereto as **Exhibit "A"**. On March 24, 2020, the Court entered the Order Invoking Emergency Protocol for Brownsville, Galveston, and Houston Divisions (the "Order"), which implemented the Protocol with respect to all cases in the Houston division, including the above-captioned cases. A copy of the Order is attached hereto as **Exhibit "B"**.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Diamond Offshore Drilling, Inc. (1760), Diamond Offshore Finance Company (0712), Diamond Offshore Development Company (9626), Diamond Offshore Services Company (3352), Diamond Offshore Management Company (0049), Diamond Offshore Company (3301), Arethusa Off-Shore Company (5319), Diamond Foreign Asset Company (1496), Diamond Rig Investments Limited (7975), Diamond Offshore General Company (0474), Diamond Offshore International Limited (4671), Diamond Offshore (Brazil) L.L.C. (9572), Diamond Offshore Holding, L.L.C. (4624), Diamond Offshore Drilling (UK) Limited (1866), Diamond Offshore Limited (4648). The Debtors' primary headquarters and mailing address is 15415 Katy Freeway, Houston, TX 77094.

1

The Court will use both audio and video communication. If you want to see the documents as presented to the Court and hear the proceeding you should be (i) dialed in through the audio system, and (ii) logged into the Court's video via www.join.me.

*Audio Communication*

Audio communication will be by use of the Court's regular dial-in number. The dial-in number is 832-917-1510. You will be responsible for your own long-distance charges. Judge Jones' conference room number is 205691. Parties are encouraged to review the Court's procedures for telephonic appearances located at:

https://www.txs.uscourts.gov/sites/txs/files/Court%20Procedures%20-%202-1-2020.pdf

Each person who speaks at the electronic hearing should be prepared to restate that person's name each time that the person speaks in order to assist any transcriber of the audio recording.

*Video Communication*

Any evidence and demonstrative exhibits will be offered by the Debtors from a remote location. Parties may participate in electronic hearings by use of an internet connection. The website is www.join.me. Persons connecting by mobile device will need to download the free join.me application.

Once connected to www.join.me, a participant must select "Join a Meeting." The code for joining the Hearing before Judge Jones is "JudgeJones". The next screen will have a place for the participant's name in the lower left corner. Please complete the name and click "Notify."

In accordance with the Protocol, Debtors filed exhibits on the Court's docket for ease of reference.

Any witness presented by Debtors will appear via audio and video connection. Any person wishing to cross-examine the witness will be permitted to do so during the hearing.

All documents filed in these Chapter 11 Cases may be obtained by visiting the Court's website at https://ecf.txsb.uscourts.gov in accordance with the procedures and fees set forth therein.

1. Debtors' Emergency Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief [Docket No. 2].

2. Debtors' Notice of Designation as Complex Chapter 11 Bankruptcy Case [Docket No. 3].

3. Debtors' Emergency Motion for the Entry of an Order Enforcing the Protections of Sections 105(A), 362, 365, 525, and 541 of the Bankruptcy Code and Granting Related Relief [Docket No. 11].

4. Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Use of the Debtors' Existing Cash Management System; (II) Authorizing and Directing Banks and Financial Institutions to Honor and Process Checks and Transfers; (III) Authorizing Continued Use and Satisfaction of Intercompany Transactions; (IV) Authorizing the Debtors' Use of Existing Bank Accounts and Existing Business forms, and (V) Granting Related Relief [Docket No. 15].

5. Debtors' Emergency Motion for Entry of an Order (I) Extending Time to File Schedules of (A) Assets and Liabilities, (B) Current Income and Expenditures, (C) Executory Contracts and Unexpired Lease, (D) Statements of Financial Affairs, and (E) Rule 2015.3 Financial Reports, and (II) Granting Related Relief [Docket No. 5].

6. Debtors' Emergency Motion for Entry of an Order (I) Authorizing The Debtors to (A) File a Consolidated List of Creditors, (B) to File a Consolidated List of the 50 Largest Unsecured Creditors, and (C) to Redact Certain Personal Identification Information; (II) Approving the Form and Manner of Notifying Creditors of the Commencement of these Chapter 11 Cases; (III) Waiving the Requirement to File a List of Equity Security Holds; and (IV) Granting Related Relief [Docket No. 4].

7. Debtors' Emergency Application for Order Appointing Prime Clerk LLC as Claims, Noticing and Solicitation Agent [Docket No. 12].

8. Debtors' Emergency Motion for Entry of Interim and Final Orders Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock of Diamond Offshore Drilling, Inc. and Claims Against Debtors [Docket No. 13].

9. Debtors' Emergency Motion for Entry of an Order (I) Approving the Debtors' proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' proposed Procedures for Resolving Additional Assurance Requests, and (IV) Granting Related Relief [Docket No. 8].

10. Debtors' Emergency Motion for Entry of an Order (II) Authorizing the Payment of Certain Taxes and Fees, and (II) Granting Related Relief [Docket No. 6].

11. Debtors' Emergency Motion for Entry of an Order (I) Authorizing Debtors to (A) Continue Prepetition Insurance and Surety Bond Programs, (B) Pay Obligations Related There to, and (C) Renew, Supplement and Enter into New Insurance Policies; and (II) Granting Related Relief [Docket No. 7].

12. Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to Honor and Incur Obligations under Customer Contracts and Customer Programs, and (II) Granting Related Relief [Docket No. 14].

13. Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief [Docket No. 9].

14. Debtors' Emergency Motion for the Entry of Interim and Final Orders (I) Authorizing the Payment of Claims of Critical Vendors, Shippers, Warehousemen, and Certain Other Specified Trade Claimants, (II) Confirming Administrative Expense Priority of Outstanding Orders, and (III) Granting Related Relief [Docket No. 10].

Dated: April 27, 2020  Respectfully submitted,

By: */s/ John F. Higgins*
**PORTER HEDGES LLP**
John F. Higgins (TX 09597500)
Eric M. English (TX24062714)
M. Shane Johnson (TX 24083263)
Genevieve M. Graham (TX 24085340)
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
eenglish@porterhedges.com
sjohnson@porterhedges.com
ggraham@porterhedges.com

*Proposed Co-Counsel to the Debtors and the Debtors in Possession*

– and –

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Paul M. Basta (pending *pro hac vice*)
Robert A. Britton (pending *pro hac vice*)
Christopher Hopkins (pending *pro hac vice*)
Shamara R. James (pending *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Telephone: 212-373-3000
Facsimile:  212-757-3990
pbasta@paulweiss.com
rbritton@paulweiss.com
chopkins@paulweiss.com
sjames@paulweiss.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
ENTERED
MAR 09 2020
David J. Bradley, Clerk of Court
By Deputy Clerk

In re: §
§
Adoption of Contingency § General Order 2020-4
Plan to Address Possible Public Health §
Limitations on Court Operations §
§

**ORDER ADOPTING HEARING PROTOCOLS THAT MAY BE IMPLEMENTED
UNDER CERTAIN PUBLIC HEALTH OR SAFETY CONDITIONS**

The Court is aware of public concern about a potential outbreak of the Coronavirus. Although no public health emergency has been declared, the Court has determined that the adoption of a protocol for public health emergencies that impact court operations is appropriate. By adopting a protocol in advance of an emergency, parties-in-interest may be better able to comply with exigencies that may arise.

The Court adopts these principles:

1. The due process rights of all parties-in-interest must be protected.

2. During a public health or safety emergency, the number of hearings that are held should be minimized.

3. Required hearings should be conducted in a manner to minimize in-person attendance that could enhance the spread of a contagious disease.

4. If technology is utilized to conduct hearings, the technology should be made widely available, at no or low cost to hearing participants.

5. Statutory hearing deadlines must be respected.

6. The Court should minimize hearings that are mandated only by rules of procedure, local rules, or court orders.

7. Court personnel be allowed to work from remote locations, as appropriate.

8. Hearings must be conducted in a manner to preserve the appellate rights of parties-in-interest.

9. The protocol should be implemented, if ever, only on a division-by-division basis and should be modified as circumstances warrant on the date of adoption.

In furtherance of those principles, the Court adopts the attached Protocol. The Protocol will be available for implementation only if a need arises, and only on further Court order.

March 9, 2020.

David R. Jones
Chief Judge

EXHIBIT A

## PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS

**Purpose and Implementation:**

1. This protocol applies in all bankruptcy cases and proceedings when parties, witnesses, judges or staff are unable to attend scheduled hearings due to a declaration by state, local or federal officials that limit or restrict the Court's ability to hold hearings. The protocol will be invoked on a division-by-division basis when ordered by the Chief Judge of the United States Bankruptcy Court. If the Chief Judge is unavailable, the protocol may be ordered by any bankruptcy judge. The order invoking this protocol will be posted on the Court's website and distributed by the Clerk to all CM/ECF users by email. The order will include appropriate modifications, as circumstances warrant. The invocation of the protocol will be terminated by a termination order, also posted on the Court's website and distributed by email. The period from the invocation through the termination of the protocol is the Protocol Period.

2. Hearings may be scheduled or rescheduled by the Court to be heard during the Protocol Period:

   a. The hearings will be conducted electronically.

   b. Notice of chapter 13 panel hearings will be done by a notice posted by the chapter 13 trustees on the trustee's website, which will be accessible by a link posted on the Court's website. Unless otherwise ordered by the Court, chapter 13 panel hearings will only be heard if there is a statutorily imposed deadline for the conduct of the hearing, such as the deadline imposed by 11 U.S.C. § 1324(b). The chapter 13 trustees will post a hearing calendar that contains only matters with statutorily imposed deadlines.

   c. Notice of all other hearings will be entered on the docket of the case by the Clerk in each case in which a hearing is scheduled by the Court.

   d. Parties and counsel are responsible for monitoring the Court's website and the dockets of their cases.

   e. Electronic attendance at hearings is required on the same basis as would otherwise be required for attendance at hearings in the absence of the invocation of this protocol.

3. During the Protocol Period, hearings may be held by the judge assigned to the case, or by any other bankruptcy judge.

4. After the Protocol Period, the Court may reschedule previously canceled hearings to be conducted in the ordinary course.

**Electronic Hearings:** **Personal attendance at electronic hearings will not be permitted, except as ordered by the Court.** The Court will simultaneously use two technology methods to conduct electronic hearings. One method will provide audio communication. The other will provide video communication:

### Audio Communication

1. Audio communication will be by use of a dial-in number. Attached to this protocol as Exhibit "A" is a list of each judge's dial in number and conference code. Attorneys, witnesses, and parties-in-interest wishing to participate in the hearing must connect to each hearing by audio communication.

2. The audio portion of the hearings will be recorded using external recording technology associated with the telephone dial-in number. If the Court's digital recording system is inaccessible, these recordings will be made available to the public in accordance with the Clerk's standing policy and will constitute the official Court record.

3. Each person who speaks at an electronic hearing must restate that person's name each time that the person speaks. This information will assist any transcriber of the audio recording.

### Video Communication

1. In addition to the requirements of Bankruptcy Local Rule 9013-1, exhibits must be filed on CM/ECF in advance of the hearing. Each exhibit must be filed as a separate attachment to an Exhibit List. The Court will review the exhibits from CM/ECF. Exhibits must be offered into evidence by reference to the CM/ECF docket number of the filed exhibit.

2. Parties may participate in electronic hearings by use of an internet connection. The internet site is www.join.me. Persons connecting by mobile device will be required to download a free application. The download must occur prior to the commencement of the hearing.

3. Once connected to www.join.me, each participant must select to "Join a Meeting". The code for joining meetings for each judge is listed on Exhibit "A". The next screen will have a place for the participant's name in the lower left corner. Please complete the name and click "Notify".

### Witness Participation

1. Each witness must appear by both audio and video connection.

2. Witnesses may utilize a phone camera or other video device to appear by video. If the Court directs a witness to appear by video, the witness must authorize the Join.me website to access the camera on the witness's device.

>
> The third widget from the right at the top of the screen is a video camera. Do NOT utilize the video camera unless the Court requests that you do so.
>
> 3. The Court will administer the oath over the audio connection.
>
> 4. Unless otherwise ordered by the Court, witnesses who are required to appear by subpoena must comply with the subpoena by both audio and video connection.
>
> 5. The Court may allow parties-in-interest to utilize the Join.me website to present documents or other presentations. If so, the Court will allow the party-in-interest to become a presenter of a presentation.
>
> 6. Attached as Exhibit "B" are screen shots of Join.Me screens to assist in the logon process.

**Requests for Emergency Hearings**   During the Protocol Period, emergency hearings must be requested in accordance with the local rules. In addition, you must send an email to the Judge's staff member and to the Emergency Request Hotline. The Emergency Request Hotline will be monitored by the Clerk's office. Exhibit "C" contains email information for each staff member to be contacted and for the Emergency Request Hotline.

**Self Calendaring and Hearing Settings**   Except as otherwise ordered or as provided in the "Motions for Relief from the Stay" section of this protocol, no hearings may be self-calendared by any filing or notice that is filed during a Protocol Period. If a hearing is required during the Protocol Period, the person seeking the hearing must file a motion for emergency consideration and request the hearing by contacting the appropriate person on Exhibit "C". If a hearing is required after the Protocol Period, the person seeking the hearing must request the hearing by contacting the appropriate person on Exhibit "C" after the conclusion of the Protocol Period.

**Section 341 Meetings**   Section 341 meetings of creditors will be conducted electronically.

**Motions for Relief from Stay**   Motions for Relief from the automatic stay must be self-calendared for hearing on the Court's published available dates. Hearings on those motions will be conducted electronically.

**Statutory Deadlines**   Statutory deadlines remain in effect.

**Court Imposed Or Rule Imposed Deadlines**   All Court imposed deadlines, all deadlines imposed by local rule, and all deadlines imposed by the Federal Rules of Bankruptcy Procedure are tolled for the Protocol

Period. The tolled deadline will be computed by adding the number of days in the Protocol Period to the original deadline. For example, if a deadline is June 22, 2020 and the Protocol Period runs from June 19, 2020 through June 24, 2020, the new deadline is June 29, 2020 (accounting for the fact that the new deadline would expire on a weekend, so the deadline is extended through the following Monday).

**Variance from Protocol**   Each Judge may vary this protocol on a case-by-case basis.

**Amendments**   As circumstances warrant, this protocol may be amended on an emergency basis by majority vote of the participating judges. Any amendments will be published on the Court's website and distributed by email to all CM/ECF users.

# EXHIBIT "A"
## Audio and Video Participation Information

| Judge | Dial in Phone Number | Conference Code Number (Phone) | Meeting Code Name (Video)[1] |
|---|---|---|---|
| Judge Isgur | (832) 917-1510 | 954554 | JudgeIsgur |
| Judge Jones | (832) 917-1510 | 205691 | JudgeJones |
| Judge Lopez | (857) 232-0158 | 369427 | JudgeLopez |
| Judge Norman | (712) 770-8095 | 159497 | JudgeNorman |
| Judge Rodriguez | (712) 775-8972 | 999276 | JudgeRodriguez |

---

[1] One word, with no spaces.

# EXHIBIT "B"
## Join.Me Screen Assistance

1. Downloading app to a device:

| Apple Devices | Android Devices |
|---|---|
| Search in App Store for "Join.Me":  Open and download to the device. | Search in Google Play for "Join.Me": Open and download to the device. |

2. Joining the Meeting:



| Open the Join.Me app on the device: | Open the Join.Me app on the device: |
|---|---|
| Type in the Meeting Code from Exhibit "A" | Type in the Meeting Code from Exhibit "A". |
| If you receive this screen, please cancel: | |

3. You may have a pause until the Court opens the meeting. When it is opened, you will see the Judge's desktop.



|  |  |
|---|---|

If you receive this screen, click "Close":





| 7. Click on the camera icon at the top: | 7. Go to your home page and activate your camera. |

# EXHIBIT "C"
# Emergency Hearing Contact Information

| Judge | Primary Contact | Secondary Contact | Emergency Hotline |
|---|---|---|---|
| Judge Isgur | Linhthu_Do@txs.uscourts.gov | Tyler_Laws@txs.uscourts.gov | Emergencyhearings@txs.uscourts.gov |
| Judge Jones | Albert_Alonzo@txs.uscourts.gov | Vriana_Portillo@txs.uscourts.gov | Emergencyhearings@txs.uscourts.gov |
| Judge Lopez | Rosario_Saldana@txs.uscourts.gov | Kimberly_Picota@txs.uscourts.gov | Emergencyhearings@txs.uscourts.gov |
| Judge Norman | Cristina_Camarata@txs.uscourts.gov | Mario_Rios@txs.uscourts.gov | Emergencyhearings@txs.uscourts.gov |
| Judge Rodriguez | Norma_J_Chavez@txs.uscourts.gov | Ana_Castro@txs.uscourts.gov | Emergencyhearings@txs.uscourts.gov |

United States District Court
Southern District of Texas
E N T E R E D

MAR 24 2020

David J. Bradley, Clerk of Court
By Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **Invocation of Emergency Protocol.** | § | **General Order 2020-10** |
| | § | |

### ORDER INVOKING EMERGENCY PROTOCOL FOR
### BROWNSVILLE, GALVESTON AND HOUSTON DIVISIONS

After consideration of the orders issued by city and county officials, the Court invokes the **Protocol for Emergency Public Health or Safety Conditions** as set forth in General Order 2020-4 for the Brownsville, Galveston and Houston divisions.

March 24, 2020.

David R. Jones
Chief Judge

EXHIBIT B