IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |   |
|---|---|---|
| In re: | § § § | |
| DIAMOND OFFSHORE DRILLING, INC., Et al | § § § § § § | Chapter 11<br><br>Case No. 20-32307<br><br>(Jointly Administered) |

## UNOPPOSED MOTION TO LIFT AUTOMATIC STAY

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

Pursuant to 11 U.S.C. Section 362, Local Bankruptcy Rules of the United States District Court, Southern District of Texas, and FED. R. BANKR. P. 9014, Ngoc "Jin" Ho and Denise Rojas, Individually and on behalf of minor children E.R. and S.R., ("Claimant" herein) respectfully moves this Honorable Court for an order lifting the automatic stay on his action against Debtor Diamond Offshore Drilling, Inc. (herein after referred to as "Diamond Offshore"), pending in the 189th Judicial District Court of Harris County, Texas, captioned *Ngoc "Jin" Ho. et al v. Diamond Offshore Drilling, Inc., et al.*, Cause No. 2020-12769 (the "State Court Action").

In support of this Motion, Claimant states through their attorneys that Diamond Offshore has acknowledged in written discovery responses in the State Court Action, that it has insurance

coverage available to cover the Claimant's State Court Action claim. Such relief from the stay will not prejudice the Debtor or the bankruptcy estate, as Claimant is limiting its recovery against Diamond Offshore in the State Court Action to said identified insurance coverage.

## I.
## RELEVANT BACKGROUND

The State Court Action involves an automobile collision in Houston, Texas. Claimant alleges that a Diamond Offshore employee rear-ended their family causing physical injuries. The incident date is November 4, 2019. A copy of the Petition in the State Court Action is attached hereto as Exhibit A and incorporated herein by reference.

For the incident in question, Diamond Offshore has insurance coverage available through Liberty Mutual Fire Insurance Company. The policyholder of said coverage is Diamond Offshore Drilling, Inc. Claimant agrees to a recovery within the available insurance coverage. Claimant will not pursue or be entitled to recover from the Debtor's estate or personal assets thereof to the extent that any judgment, assessment and/or recovery against Diamond Offshore in the State Court Action exceeds the insurance coverage available. Claimant further stipulates and agrees that he will not attempt to enforce any judgment, assessment and/or recovery against the personal assets of Diamond Offshore or the relevant bankruptcy estate.

By reason of the foregoing, Diamond Offshore's total exposure in the State Court Action is limited to the extent of the available insurance policy or policies. For these reasons, the Court should lift the automatic stay with regard to the State Court Action and allow Claimant to complete his claim against Diamond Offshore, subject to the above-referenced limitations.

## II.
## ARGUMENTS & AUTHORITIES

U.S.C. § 362(d)(1) provides that the "court shall grant relief from stay provided under subsection (a) if this section, such as terminating, annulling, modifying, or conditioning such stay . . . for cause." Further, "actions which are only remotely related to the case under Title 11 or which involve rights of third parties often will be permitted to proceed in another forum." 2 Collier on Bankruptcy § 362.07[3].

The test on whether a stay should be lifted to permit state court actions to proceed involves consideration of the following factors: (a) whether great prejudice to either the bankruptcy estate or the debtor will result from the continuation of the state proceedings; (b) whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor of permitting proceedings to go forward; and (c) whether the non-debtor party has the likelihood of prevailing on the merits. *See, e.g.*, *In Re Pro Weekly, Inc.*, 60 B.R. 824, 825 (D. N.E. Ill. 1986); *In Re Salisbury*, 123 B.R. 913, 915 (S.D. Ala. 1990); *In Re Bock Laundry Machine Co.*, 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984). In addition, "a decision to lift the stay is not an adjudication of the validity or avoidability of the claim, but [rather, a decision to lift the stay is merely] a determination that [his] claim is sufficiently plausible to allow its prosecution elsewhere." *See Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26, 34 (1994).

Here, the factors favor the Claimant. In the first instance, the completion of the Claimant's suit in the State Court Action will not result in any prejudice or hardship to the Debtor or the bankruptcy estate. It will not diminish the estate of the Debtor because the insurance covers both the defense of the claim and the covered damages. Diamond Offshore has no equity in the subject insurance policy, and thus the policy is not needed for an effective reorganization.

On the other hand, Claimant will be prejudiced by awaiting resolution of the Debtor's bankruptcy petition before proceeding for recovery against the foregoing insurance available to the Debtor.

Therefore, since the relief from the stay will have no effect on the bankruptcy estate, the Claimant's request should be granted. Accordingly, it is respectfully requested that this Court lift the automatic stay and allow the State Court Action to proceed.

### III.
### CONCLUSION

WHEREFORE, the Claimant respectfully requests this Honorable Court to grant the Motion to Lift Automatic Stay, allow the Claimant to complete his personal injury claims in the State Court Action against the Debtor, and grant such relief as this Court deems just and proper.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ David L. Bergen*
Anthony G. Buzbee
State Bar No. 24001820
Southern District Bar No.
tbuzbee@txattorneys.com
David L. Bergen
State Bar No. 24097371
Southern District Bar No. 2858355
dbergen@txattorneys.com
Michael R. Eddington
State Bar No. 24105835
Southern District Bar No.
meddington@txattorneys.com
JP Morgan Chase Tower
600 Travis, Suite 6850
Houston, Texas  77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

- And -

**THE NICHOLS LAW GROUP, PLLC**

By: /s/ *Lester B. Nichols III*
Lester B. Nichols III
State Bar No. 24110596
Southern District Bar No. 3499959
thenicholslawgroup@gmail.com
2825 Wilcrest Drive, Suite 515
Houston, Texas 77042
Telephone: (352) 398-7091

**ATTORNEYS FOR CLAIMANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been furnished to all counsel of record through this Court's e-file system on June 23, 2020.

/s/      *David L. Bergen*
David L. Bergen

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferenced with Diamond Offshore Drilling, Inc.'s counsel in the State Court Action: Frank Lanter with the Law Offices of Kilpatrick & Holder on May 4, 2020 by email. Counsel for Diamond Offshore Drilling, Inc. in the State Court Action indicated he does not oppose the relief sought in this motion. I further represent to the Court that Mr. Lanter is agreed to the form of the order attached hereto, granting the requested relief in this Motion

/s/      *David L. Bergen*
David L. Bergen