

ENTERED
07/14/2020

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) ) ) Chapter 11 |
| DIAMOND OFFSHORE DRILLING, INC., *et al.*,[1] | ) ) Case No. 20-32307 (DRJ) |
| Debtors. | ) ) **(Jointly Administered)** |

## STIPULATION AND AGREED ORDER
## GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

**[Related to Document No. 447]** and 487

Diamond Offshore Drilling, Inc. and its subsidiaries and affiliates (collectively, the "Debtors") and Ngoc "Jin" Ho and Denise Rojas, individually and on behalf of minor children E.R. and S.R. (the "Claimants"), hereby stipulate and agree as follows:

WHEREAS, on April 26, 2020, the Debtors filed petitions for relief under chapter 11 of the United States Code in the Bankruptcy Court for the Southern District of Texas (the "Court");

WHEREAS, Movant filed its *Unopposed Motion to Lift Automatic Stay* (Docket No. 447) (the "Lift Stay Motion") requesting relief from the automatic stay to authorize Claimants to complete their claims against Diamond Offshore Drilling, Inc., now pending in the 189TH Judicial District Court of Harris County, Texas, captioned *Ngoc "Jin" Ho. et al v. Diamond Offshore Drilling, Inc., et al.*, Case No. 2020-12769 (the "State Court Litigation").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Diamond Offshore Drilling, Inc. (1760), Diamond Offshore International Limited (4671), Diamond Offshore Finance Company (0712), Diamond Offshore General Company (0474), Diamond Offshore Company (3301), Diamond Offshore Drilling (UK) Limited (1866), Diamond Offshore Services Company (3352), Diamond Offshore Limited (4648), Diamond Rig Investments Limited (7975), Diamond Offshore Development Company (9626), Diamond Offshore Management Company (0049), Diamond Offshore (Brazil) L.L.C. (9572), Diamond Offshore Holding, L.L.C. (4624), Arethusa Off-Shore Company (5319), Diamond Foreign Asset Company (1496). The Debtors' primary headquarters, and mailing address is 15415 Katy Freeway, Houston, TX 77094.

WHEREAS, the State Court Litigation was stayed as of the Petition Date and remains stayed pursuant to section 362(a) of the Bankruptcy Code (the "Automatic Stay").

WHEREAS, Claimants request relief from the Automatic Stay to recover against several applicable insurance policies, which the Debtors maintain with third-party insurers (collectively, the "Insurance Policy").

WHEREAS, Claimants have agreed to limit any recovery that may be obtained in connection with the State Court Litigation solely to the proceeds of the Insurance Policy.

WHEREAS, Claimants have agreed to waive any claims against the Debtors as further set forth below.

WHEREAS, after considering the merits of the Motion, the Court having determined that the relief requested in the Motion is appropriate and justified; and appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein; and good and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 362(d)(1) of the Bankruptcy Code, the Automatic Stay is hereby modified solely to continue the State Court Litigation in all respects, to final and binding resolutions and/or settlement and collect from the Insurance Policy.

3. Except as expressly modified herein, the Automatic Stay shall remain in place for all other purposes.

4. Claimants acknowledge and agree that any recovery of the Claimants against the Debtors and their estates and affiliates, and each of foregoing parties' respective directors, officers,

advisors, employees, agents, representatives, heirs, executors, administrators, successors and assigns (collectively, the "Debtor Parties") shall be limited to the insurance coverage available to the Debtors under the Insurance Policy, and the Claimants hereby release the Debtor Parties, from any and all liability for all claims, whether direct or indirect, arising out of or related to the State Court Litigation in excess of the proceeds of the insurance coverage available to the Debtors under the Insurance Policy.

5. Each party understands and agrees that this Stipulation and Agreed Order is solely to allow the Claimants to litigate the State Court Litigation to the extent of available insurance coverage under the Insurance Policy, and that the Stipulation and Agreed Order shall not be construed as an admission of liability by the Debtors.

6. The Debtors make no representations respecting the Claimants' likelihood of success in the State Court Litigation or with respect to their efforts to collect against the Insurance Policy.

7. This Stipulation and Agreed Order shall not be deemed an agreement by the Debtors to provide assistance to, or to cooperate with, Claimants in their efforts to secure payment on account of their claims in the State Court Litigation.

8. Claimants agree that a proof of claim will not be filed in these Chapter 11 Cases, or recovery will not otherwise be sought from the Debtors' estates in any manner with respect to any claim arising from, or related to, the State Court Litigation, and that to the extent a proof of claim already has been filed in this case, that such proof of claim shall be deemed withdrawn upon the approval of this Stipulation and Agreed Order.

9. Claimants agree that no judgment shall be entered in the State Court Litigation against the Debtors in excess of the insurance coverage under the Insurance Policy.

10. Neither this Stipulation and Agreed Order, nor any actions taken pursuant hereto, shall affect the rights of the Debtors or their insurers to assert any defenses in the State Court Litigation or any other action or proceeding other than one to enforce the terms of this Stipulation and Agreed Order. Notwithstanding any other term or provision contained herein, this Stipulation is without prejudice to any of the rights, claims or defenses of the Debtors' insurers under the Insurance Policy, any agreements related to the Insurance Policy and/or any applicable state law, all of which are expressly reserved.

11. Claimants are hereby authorized to take all actions necessary to effectuate the relief granted in this Stipulation and Agreed Order in accordance with the Motion.

12. This Stipulation and Agreed Order shall be binding upon the parties' successors, agents, assigns, including bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the parties.

13. Neither the Stipulation and Agreed Order, nor any actions taken pursuant hereto, shall constitute admissible evidence against the parties in an arbitration proceeding or any other action or proceeding other than one to enforce the terms of this Stipulation and Agreed Order.

14. Each party executing this Stipulation and Agreed Order represents that such party has the full authority and legal power to do so.

15. This Stipulation and Agreed Order does not allow any party other than Claimants to pursue claims against the Debtors in the State Court Litigation or in any other action.

16. This Stipulation and Agreed Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copies, electronic copies, or facsimiles signed by the parties here to be charged.

17. This Stipulation and Agreed Order shall not be modified, altered, amended, or vacated without the written consent of the parties or by further order of the Bankruptcy Court.

18. This Stipulation and Agreed Order constitutes the entire agreement and understanding between the Debtors and the Claimants relating to the subject matter herein and supersedes all previous or contemporaneous oral or written representations, understandings, or agreements between the parties.

19. This Stipulation and Agreed Order is subject to the approval of the Bankruptcy Court and shall not become effective against the Debtors unless and until it is "so-ordered" by the Court.

20. This Stipulation and Agreed Order shall be governed by, and construed in accordance with, the laws of the State of Texas, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

21. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

Signed:  July 10, 2020.

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

10638723


**AGREED TO AND ENTRY REQUESTED:**

By: */s/ David L. Bergen*
**THE BUZBEE LAW FIRM**
Anthony G. Buzbee
State Bar No. 24001820
tbuzbee@txattorneys.com
David L. Bergen
State Bar No. 24097371
dbergen@txattorneys.com
Michael R. Eddington
State Bar No. 24105835
meddington@txattorneys.com
JP Morgan Chase Tower
600 Travis, Suite 6850
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

– and –

By: */s/ Lester B. Nichols III*
**THE NICHOLS LAW GROUP, PLLC**
Lester B. Nichols III
State Bar No. 24110596
thenicholslawgroup@gmail.com
2825 Wilcrest Drive, Suite 515
Houston, Texas 77042
Telephone: (352) 398-7091

*Attorneys for Claimants*

By: */s/ John F. Higgins*
**PORTER HEDGES LLP**
John F. Higgins (TX 09597500)
Eric M. English (TX 24062714)
M. Shane Johnson (TX 24083263)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
eenglish@porterhedges.com
sjohnson@porterhedges.com

*Co-Counsel to the Debtors and the Debtors-in-Possession*

– and –

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (pending pro hac vice)
Robert A. Britton (pending pro hac vice)
Christopher Hopkins (pending pro hac vice)
Shamara R. James (pending pro hac vice)
1285 Avenue of the Americas
New York, NY 10019
Telephone: 212-373-3000
Facsimile: 212-757-3990
pbasta@paulweiss.com
rbritton@paulweiss.com
chopkins@paulweiss.com
sjames@paulweiss.com

*Co-Counsel to the Debtors and the Debtors-in-Possession*

10638723

By: */s/ Frank D. Lanter*
**LIBERTY MUTUAL INSURANCE CO.**
Frank D. Lanter
State Bar No. 00786042
Law Offices of Kilpatrick & Holder
801 Louisiana Street, Suite 500
Houston, TX 77002
Tel:	713.546.2000
Fax:	855.610.8083
franklanter@LibertyMutual.com

*Counsel for Diamond Offshore Drilling, Inc.*
*With Respect to the Pending State Court Litigation*

10638723