

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
11/06/2020

| | |
|---|---|
| In re: | ) Chapter 11 )  ) Case No. 20-32307 (DRJ) |
| DIAMOND OFFSHORE DRILLING, INC., *et al.*,[1] | ) ) (Jointly Administered) |
| Debtors. | ) ) |

**ORDER (I) AUTHORIZING AND APPROVING
THE SALE OF CERTAIN REAL PROPERTY FREE AND CLEAR
OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, (II) AUTHORIZING
AND APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
AGREEMENTS RELATED THERETO, AND (III) GRANTING RELATED RELIEF**

[Relates to Docket No. 656]

Upon the motion (the "Motion")[2] of the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned cases seeking entry of an order (this "Order") pursuant to section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 *et seq.* (the "Bankruptcy Code"), (a) authorizing and approving the sale of certain real property, (b) authorizing and approving the assumption and assignment of certain agreements related thereto, and (c) granting related relief; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution;

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Diamond Offshore Drilling, Inc. (1760), Diamond Offshore International Limited (4671), Diamond Offshore Finance Company (0712), Diamond Offshore General Company (0474), Diamond Offshore Company (3301), Diamond Offshore Drilling (UK) Limited (1866), Diamond Offshore Services Company (3352), Diamond Offshore Limited (4648), Diamond Rig Investments Limited (7975), Diamond Offshore Development Company (9626), Diamond Offshore Management Company (0049), Diamond Offshore (Brazil) L.L.C. (9572), Diamond Offshore Holding, L.L.C. (4624), Arethusa Off-Shore Company (5319), Diamond Foreign Asset Company (1496). The Debtors' primary headquarters and mailing address is 15415 Katy Freeway, Houston, TX 77094.

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the Motion.

and this Court having found that venue of this proceeding and the motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein

2. The Debtors are authorized to sell the Real Property pursuant to the PSA. The sale shall be free and clear of all liens, claims, and encumbrances pursuant to 11 U.S.C. § 363(f).

3. Upon the consummation of the sale, all persons holding any lien, claim, or encumbrance against or in the Real Property of any kind or nature whatsoever, including all taxing authorities, are forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such lien, claim, interest or encumbrance against the Buyer or the Real Property.

4. The Debtors are authorized to enter into the PSA and the Lease with the Buyer and the Sale-Leaseback is hereby approved.

5. The Debtors are authorized to assume and assign to Buyer the Agreements identified on Exhibit 1 to this Order (the "Assumption Schedule") and, subject to the occurrence

of the Closing Date (as defined in the PSA), the Agreements are deemed assumed and assigned to Buyer as provided in the Assumption Schedule. The cure amount to be paid to cure all prepetition defaults under each Agreement pursuant to section 365(b) of the Bankruptcy Code shall be the applicable cure amount set forth on the Assumption Schedule.

6. Subject to the occurrence of the Closing Date (as defined in the PSA), the cure amounts set forth in the Assumption Schedule shall be paid by the Debtors and binding upon the counterparties to the Agreements for all purposes in these Chapter 11 Cases and shall constitute a final determination of the total cure amounts required to be paid by the Debtors in connection with the assumption and assignment of the Agreements. All counterparties to Agreements shall be forever (a) barred from objecting to the cure amounts and from asserting any additional cure or other amounts with respect to the Agreements and the Debtors shall be entitled to rely solely upon the cure amounts set forth in the Assumption Schedule and (b) barred, estopped, and permanently enjoined from asserting or claiming against the Debtors or the Debtors' property that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Agreements, or that there is any objection or defense to the assumption and assignment of such Agreements.

7. For the avoidance of doubt and notwithstanding anything to the contrary in this Order or the PSA, the 2020 ad valorem taxes of Harris County are Permitted Exceptions as defined in the PSA. Subject to the occurrence of the Closing Date (as defined in the PSA), the Buyer assumes full responsibility for the 2020 ad valorem taxes and shall be responsible for paying the ad valorem taxes in full, in the ordinary course of businesses, when due. If not timely paid, Harris County may proceed with non-bankruptcy collections against the Buyer without leave or approval of the Court. Any proration to the Debtors shall be credited to the Buyer at closing or on terms

agreed upon by the Debtors and Buyer. Any dispute regarding the proration of the ad valorem taxes between the Debtors and Buyer shall have no effect on Buyer's responsibility to pay the 2020 ad valorem taxes. Harris County shall retain its respective liens against the Real Property until paid in full, including any applicable penalties or interest.

8. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion. The Motion satisfies the requirements of Bankruptcy Rule 6006(f).

10. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: November 05, 2020.**

DAVID R. JONES
**UNITED STATES BANKRUPTCY JUDGE**

# Exhibit 1

## Assumption Schedule

| Ref | Counterparty | Debtor Counterparty | Description of Contract | Cure Amount |
|---|---|---|---|---|
| 1 | ATTN: GENERAL COUNSEL<br>1990 POST OAK BLVD.<br>HOUSTON, TX 77056 | ENGIE Resources LLC | Electric Energy Sales Agreement | $0.00 |
| 2 | ATTN: GENERAL COUNSEL<br>7258 INNOVATION WAY<br>MASON, OH 45040 | Fujitec America, Inc. | Elevator Modernization Agreement | $0.00 |
| 3 | ATTN: GENERAL COUNSEL<br>7258 INNOVATION WAY<br>MASON, OH 45040 | Fujitec America, Inc. | Maintenance Service Agreement | $0.00 |
| 4 | ATTN: GENERAL COUNSEL<br>1151 KATY FREEWAY<br>#425<br>HOUSTON, TX 77099 | Kidwell & Company, Inc. | Office Lease Agreement | $0.00 |
| 5 | ATTN: GENERAL COUNSEL<br>15415 KATY FREEWAY<br>SUITE 600<br>HOUSTON, TX 77094 | Toyo USA Incorporated | Office Lease Agreement | $0.00 |
| 6 | ATTN: GENERAL COUNSEL<br>15415 KATY FREEWAY<br>SUITE 800<br>HOUSTON, TX 77094 | Wyatt Field Service Company | Office Lease Agreement | $0.00 |