

ENTERED
11/23/2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |
|---|---|
| In re: | Chapter 11 |
| DIAMOND OFFSHORE DRILLING, INC., *et al.*,[1] | Case No. 20-32307 (DRJ) |
| Debtors. | **(Jointly Administered)** |

**AGREED STIPULATION AND ORDER GRANTING LIMITED
RELIEF FROM THE AUTOMATIC STAY**

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") and Willie David Williams (the "Claimant") hereby stipulate and agree as follows:

WHEREAS, on April 26, 2020 (the "Petition Date"), the Debtors filed petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court");

WHEREAS, prior to the Petition Date, Claimant commenced an action asserting claims against Debtor Diamond Offshore Services Company and Diamond Offshore Services Limited captioned *Willie David Williams v. Diamond Offshore Services Limited and Diamond Offshore Services Company*, Case No. 2011-31922 (the "Underlying Litigation"), which action is currently pending in the 152nd Judicial District Court of Harris County, Texas (the "State Court");

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Diamond Offshore Drilling, Inc. (1760), Diamond Offshore International Limited (4671), Diamond Offshore Finance Company (0712), Diamond Offshore General Company (0474), Diamond Offshore Company (3301), Diamond Offshore Drilling (UK) Limited (1866), Diamond Offshore Services Company (3352), Diamond Offshore Limited (4648), Diamond Rig Investments Limited (7975), Diamond Offshore Development Company (9626), Diamond Offshore Management Company (0049), Diamond Offshore (Brazil) L.L.C. (9572), Diamond Offshore Holding, L.L.C. (4624), Arethusa Off-Shore Company (5319), Diamond Foreign Asset Company (1496). The Debtors' primary headquarters, and mailing address is 15415 Katy Freeway, Houston, TX 77094.

1

WHEREAS, the Underlying Litigation was stayed as of the Petition Date and remains stayed pursuant to section 362(a) of the Bankruptcy Code (the "Automatic Stay");

WHEREAS, on June 24, 2020, Claimant filed Proof of Claim No. 262 asserting a $10,000,000 claim against Debtor Diamond Offshore Services Company;

WHEREAS, the Debtors maintain general liability insurance coverage applicable to the claims asserted in the Underlying Litigation that is contingent on the satisfaction of a $5.0 million self-insured retention ("SIR") amount;

WHEREAS, the Debtors have represented that prior to the Petition Date, the Debtors incurred and paid approximately $2.2 million of the SIR amount in connection with costs of defense related to the Underlying Litigation; and

WHEREAS, subject to the approval of this Court, the Claimant and the Debtors (collectively, the "Parties") have agreed to modify the Automatic Stay solely as set forth herein.

NOW, THEREFORE, IT IS STIPULATED BY THE PARTIES AND HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. In accordance with and subject to the terms of this agreed stipulation and order (this "Agreed Stipulation and Order"), pursuant to section 362(d)(1) of the Bankruptcy Code, the Automatic Stay is hereby modified solely to permit Claimant to: (a) take any and all necessary procedural and administrative steps to schedule a trial date before the State Court with respect to the Underlying Litigation; (b) liquidate the amount of Claimant's claim through judgment or settlement; and (c) collect or recover the proceeds of the applicable insurance policy/policies; *provided*, *however*, that the Underlying Litigation shall be set for trial no earlier than May 1, 2021

and any pre-trial activity, including without limitation any discovery, shall commence no earlier than March 1, 2021 unless the Plan Effective Date[2] shall have already occurred; *provided further*, *however*, that the Parties shall consult and confer in good faith with respect to scheduling a trial date.  Notwithstanding anything to the contrary herein, nothing in this Agreed Stipulation and Order shall be construed to limit the Debtors' rights to seek relief from this Court at any time to modify this Agreed Stipulation and Order, including in connection with any event arising from the modification of the Automatic Stay pursuant to this Agreed Stipulation and Order that would require the Debtors or their estates to incur material out-of-pocket costs prior to the Plan Effective Date, and all such rights are hereby preserved.

3. Notwithstanding the foregoing, the Automatic Stay is lifted only to the extent the Debtors and their estates are not required to incur material out-of-pocket costs in the Underlying Litigation during the pendency of these chapter 11 cases, whether on account of defense costs, deductibles, retentions, or otherwise.  If at any time subsequent to entry of this Agreed Stipulation and Order, the Debtors would be required to incur material out-of-pocket costs in the Underlying Litigation during the pendency of these chapter 11 cases, the Parties shall confer in good faith and make reasonable efforts to resolve the issues prior to any such out-of-pocket cost being incurred by the Debtors, including, for example, by modifying the schedule referenced in Paragraph 2, above.  If the parties are unable to resolve such issues, the Parties shall return to this Court for further proceedings to address any necessary modifications to this Agreed Stipulation and Order.

4. The Claimant acknowledges that the Debtors have represented that under the terms of the Debtors' general liability insurance policy, the Debtors would be required to pay

---

[2] "Plan Effective Date" shall mean the date on which the Debtors substantially consummate a plan of reorganization.

approximately $2.8 million out of the Debtors' estates to satisfy the total policy SIR amount of $5.0 million.

5. Except as expressly modified herein, the Automatic Stay and the provisions of section 362 of the Bankruptcy Code, including without limitation, those provisions prohibiting the execution, enforcement, or collection of any award or judgment obtained against the Debtors, and against any assets or properties of the Debtors' estates (as defined in section 541of the Bankruptcy Code), shall remain in full force and effect.

6. This Agreed Stipulation and Order shall not be construed as an admission of liability by the Debtors. This Agreed Stipulation and Order shall not be deemed an agreement by the Debtors to provide assistance to, or to cooperate with, Claimant in Claimant's efforts to secure payment on account of Claimant's claims in the Underlying Litigation.

7. Neither this Agreed Stipulation and Order, nor any actions taken pursuant hereto, shall affect the rights of the Debtors or their insurers to assert any defenses in the Underlying Litigation or any other action or proceeding other than one to enforce the terms of this Agreed Stipulation and Order. Notwithstanding any other term or provision contained herein, this Agreed Stipulation and Order is without prejudice to any of the rights, claims or defenses of the Debtors' insurers under any applicable insurance policies, any agreements related to such insurance policies, and/or any applicable non-bankruptcy law, all of which are expressly reserved.

8. This Agreed Stipulation and Order shall be binding upon the Parties' successors, agents, assigns, including bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the Parties.

9.  Neither this Agreed Stipulation and Order, nor any actions taken pursuant hereto, shall constitute admissible evidence against the Parties in an arbitration proceeding or any other action or proceeding other than the one to enforce the terms of this Agreed Stipulation and Order.

10. Each Party executing this Agreed Stipulation and Order represents that such Party has the full authority and legal power to do so.

11. This Agreed Stipulation and Order does not allow any party other than Claimant to pursue claims against the Debtors in the Underlying Litigation or in any other action.

12. This Agreed Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Agreed Stipulation and Order to present any copies, electronic copies, or facsimiles signed by the parties here to be charged.

13. This Agreed Stipulation and Order shall not be modified, altered, amended, or vacated without the written consent of the Parties or by further order of the Bankruptcy Court.

14. This Agreed Stipulation and Order constitutes the entire agreement and understanding between the Debtors and the Claimant relating to the subject matter herein and supersedes all previous or contemporaneous oral or written representations, understandings, or agreements between the Parties.

15. This Agreed Stipulation and Order is subject to the approval of the Bankruptcy Court and shall not become effective against the Debtors unless and until it is "so-ordered" by the Court.

16. Notice of this Agreed Stipulation and Order was appropriate under the circumstances and satisfies the requirements of the Federal Rules of Bankruptcy Procedure and

the Local Bankruptcy Rules for the Southern District of Texas, and no other notice need be provided.

17. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Agreed Stipulation and Order. Any motion or application brought before the Court to resolve a dispute arising from or related to this Agreed Stipulation and Order shall be brought on notice as provided by and in accordance with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of Texas.

[*Remainder of page intentionally left blank*]

**AGREED TO AND ENTRY REQUESTED:**

By: */s/ Patrick M. Dennis*
**DOYLE LLP**
Michael Patrick Doyle
State Bar No. 06095650
Patrick M. Dennis
State Bar No. 24045777
service@doylelawfirm.com
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Telephone: (713) 571-1146
Facsimile: (713) 571-1148
*Attorneys for Claimant*

By: */s/ John F. Higgins*
**PORTER HEDGES LLP**
John F. Higgins (TX 09597500)
Eric M. English (TX 24062714)
M. Shane Johnson (TX 24083263)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
eenglish@porterhedges.com
sjohnson@porterhedges.com

*Co-Counsel to the Debtors and
the Debtors-in-Possession*

– and –

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (admitted *pro hac vice*)
Robert A. Britton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Shamara R. James (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Telephone: 212-373-3000
Facsimile: 212-757-3990
pbasta@paulweiss.com
rbritton@paulweiss.com
chopkins@paulweiss.com
sjames@paulweiss.com

*Counsel to the Debtors and
the Debtors-in-Possession*

**Signed: November 23, 2020.**

**DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE**