UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
HECTOR DURAN
TRIAL ATTORNEY
515 Rusk, Suite 3516
Houston, Texas  77002
Telephone: (713) 718-4650 x 241
Fax: (713) 718-4670

UNITED STATES BANKRUPTCY COURT<br>
SOUTHERN DISTRICT OF TEXAS<br>
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. |
| | § | |
| DIAMOND OFFSHORE DRILLING, | § | 20-32307 (DRJ) |
| INC., *et al.*, | § | (Chapter 11) |
| | § | |
| DEBTORS[1] | § | (Jointly Administered) |

<strong>LIMITED OBJECTION OF UNITED STATES TRUSTEE TO<br>
DEBTORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION</strong>

TO THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE:

  Kevin M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee"), objects to the *Second Amended Joint Chapter 11 Plan of Reorganization of Diamond Offshore Drilling, Inc. and Its Debtor Affiliates* [Dkt. No. 1065] (the "Plan")[2], and represents as follows:

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Diamond Offshore Drilling, Inc. (1760), Diamond Offshore International Limited (4671), Diamond Offshore Finance Company (0712), Diamond Offshore General Company (0474), Diamond Offshore Company (3301), Diamond Offshore Drilling (UK) Limited (1866), Diamond Offshore Services Company (3352), Diamond Offshore Limited (4648), Diamond Rig Investments Limited (7975), Diamond Offshore Development Company (9626), Diamond Offshore Management Company (0049), Diamond Offshore (Brazil) L.L.C. (9572), Diamond Offshore Holding, L.L.C. (4624), Arethusa Off-Shore Company (5319), Diamond Foreign Asset Company (1496). The Debtors' primary headquarters and mailing address is 15415 Katy Freeway, Houston, TX 77094.

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

## I. Preliminary Statement

The Plan improperly provides overly broad exculpation coverage to a myriad of parties in violation of section 524(e) of the Bankruptcy Code and black letter Fifth Circuit law. This controlling decision is unequivocal: only an official committee and its members may receive exculpation coverage. *In re Pac. Lumber Co.*, 584 F.3d 229, 252-253 (5th Cir. 2009). While a debtor may choose to release its claims against third parties consistent with its business judgment, the Code and controlling precedent prohibit non-consensual third-party limitations of liability against *non*-debtors.

Unless the Debtors conform the Plan's exculpation provision to this mandate, the Plan violates section 1129(a)(1) and the Court should deny confirmation.[3]

## II. Jurisdiction, Venue & Constitutional Authority to Enter a Final Order

1. The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. § 1408.

2. This Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the U.S. Trustee consents to the entry of a final order or judgment by this Court in this matter.

3. Kevin M. Epstein is the duly appointed U.S. Trustee for Region 7. The U.S. Trustee

---

[3] Separately, the U.S. Trustee understands that the Plan contemplates a Management Incentive Plan, the terms and conditions of which shall be determined by the New Board. Plan, IV.S. While the U.S. Trustee does not object to providing the New Board with discretion to set compensation programs consistent with its business judgment, just like any other non-bankrupt company, the Plan should not and cannot create any vested rights to bonuses for senior executives absent compliance with section 503(c)'s mandates. *See* 11 U.S.C. § 503(c) (regulating payment and allowance of bonuses in bankruptcy).

has standing to raise, appear and be heard on any issue in a case or proceeding under the Bankruptcy Code. 11 U.S.C. § 307.

4. The U.S. Trustee has a statutory duty to monitor the administration of cases commenced under the Bankruptcy Code. 28 U.S.C. § 586(a)(3). In chapter 11, the U.S. Trustee's supervisory responsibilities include monitoring plans and disclosure statements and filing comments with the court. 28 U.S.C. § 586(a)(3)(B).

### III. Factual Background

**A. General Information**

5. On April 26, 2020 (the "Petition Date"), the Debtors filed chapter 11 voluntary petitions. Since the orders for relief under chapter 11 were entered, the Debtors have operated as debtors in possession under 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed in these chapter 11 cases.

6. On April 27, 2019, the Court entered the Order directing joint administration of the chapter 11 cases solely for procedural purposes. *See* Dkt. No. 33.

7. On May 11, 2020, the U.S. Trustee appointed the Official Committee of Unsecured Creditors ("Committee"). *See* Dkt. No. 147. Subsequently, on June 11, 2020 and September 14, 2020, the U.S. Trustee reconstituted the Committee. *See* Dkt. No. 357 and 588.

8. On February 26, 2021, the Debtors filed revised versions of the Disclosure Statement and Plan. *See* Dkt. Nos. 1065 and 1066.

9. On February 26, 2021, the Court entered the Order approving the Disclosure Statement. *See* Dkt. No. 1072.

**B. The Plan**

10. As detailed in the chart, the Plan sets forth eight classes:

| Class | Claims and Interests | Status | Voting Rights |
|---|---|---|---|
| 1 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 3 | RCF Claims | Impaired | Entitled to Vote |
| 4 | Senior Notes Claims | Impaired | Entitled to Vote |
| 5 | General Unsecured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 6 | Intercompany Claims | Unimpaired/ Impaired | Not Entitled to Vote (Presumed to Accept/Deemed to Reject) |
| 7 | Existing Parent Equity Interests | Impaired | Entitled to Vote |
| 8 | Intercompany Interests | Unimpaired/Impaired | Not Entitled to Vote (Presumed to Accept/Deemed to Reject) |

Plan, Art.III.A.1. The Impaired Classes include Class 3 (RCF Claims), Class 4 (Senior Note Claims), and Class 7 (Existing Parent Equity Interests) and are entitled to vote on the Plan.

11. The Plan contains a broad exculpation clause, which provides in relevant part that:

[N]o Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby released and exculpated from, any Cause of Action or Claim related to any act or omission in connection with, relating to, or arising out of the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Plan Support Agreement and related prepetition transactions (including any draws under or Claims or Causes of Action related to the RCF Credit Agreement), the Disclosure Statement, the Backstop Agreement, the Rights Offerings, the Private Placements, the Exit Facilities, this Plan, the Plan Supplement, the New Warrants, or any transaction related to the Restructuring, any contract, instrument, release or other agreement or document created or entered into before or during the Chapter 11 Cases, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable Law, the Filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of this Plan, including the issuance of

>   securities pursuant to this Plan, or the distribution of property under this Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing, except for Claims related to any act or omission that is determined in a Final Order to have constituted willful misconduct, gross negligence, or actual fraud, but in all respects such Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to this Plan and the Confirmation Order.

Plan, Art.VIII.E.

12. The Plan includes the following in its definition of Exculpated Parties:

> (a) the Debtors;
> (b) the Reorganized Debtors;
> (c) the Committee and its members;
> (d) the parties to the Plan Support Agreement; and
> (e) the Senior Notes Trustee (solely to the extent acting in the capacity as Disbursing Agent);
> (f) with respect to each of the foregoing Persons in clauses (a) through (e), each of their current and former Affiliates; and
> (g) with respect to each of the foregoing Persons in clauses (a) through (f), such Person's predecessors, successors, assigns, subsidiaries, Affiliates, current and former officers and directors, principals, equity holders, members, partners, managers, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, Representatives, and other professionals, and such Person's respective heirs, executors, estates, and nominees, in each case in their capacity as such.

Plan, Art.I.A.90.

13. Unlike the releases provided in Article VIII.D., which allow for third parties to opt out, third parties may not opt out of the exculpations and releases provided in Article VIII.E. of the Plan.

## IV. Argument

### A. Statutory Standards

14. Section 1129(a) of the Bankruptcy Code sets forth the requirements for confirming a chapter 11 plan on a consensual basis, when each impaired class of claims votes to approve the

plan. Among other things, a plan must comply with the applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(1).

15. The Debtors bear the burden of establishing that the Plan complies with all of the elements of section 1129. *In re Cypresswood Land Partners, I,* 409 B.R. 396, 422 (Bankr. S.D. Tex. 2009) ("The Debtor, as the proponent of the [plan], has the burden of proving that all elements of 11 U.S.C. § 1129(a) are satisfied.") (citing *In re Internet Navigator Inc.,* 289 B.R. 128, 131 (Bankr. N.D. Iowa 2003)).

**B.     The Exculpation Provision Violates Fifth Circuit Law**

16. Under controlling Fifth Circuit law, a chapter 11 plan may only exculpate a creditors committee and its members. *Pac. Lumber Co*., 584 F.3d at 252-53; *see also In re Patriot Place, Ltd*., 486 B.R. 773, 823-24 (Bankr. W.D. Tex. 2013) (applying *Pacific Lumber* and concluding that "that the Non–Debtor Releases/Exculpations proposed in the [plan were] vague, overbroad, and [did] not comply with Fifth Circuit precedent and the Bankruptcy Code"). The Fifth Circuit expressly rejected "a more lenient approach to non-debtor releases taken by other courts" and held that "the essential function of the exculpation clause proposed here is to absolve the released parties from any negligent conduct that occurred during the course of the bankruptcy" and that the "fresh start § 524(e) provides to debtors is not intended to serve this purpose." 584 F.3d at 252-53. With one exception for statutory committees, the Fifth Circuit considered and rejected any distinction between prohibited third party non-debtor releases and exculpation coverage. *See id*. at 253.

17. As noted above, the Plan seeks to provide exculpation and releases to a laundry list of parties that goes well beyond the Committee. But except for the Committee and its members,

none of the Exculpated Parties may receive exculpation coverage under *Pacific Lumber's* interpretation of 11 U.S.C. § 524(e).

18. The U.S. Trustee is mindful of this Court's recent decision in *In re Southern Foods Group, LLC,* Case No. 19-36313, where this Court considered and overruled his objection to an exculpation provision. Notwithstanding facial similarities, this case differs from *Southern Foods*. The parties in *Southern Foods* had an opportunity to opt-out of the exculpation provisions, unlike in the case of Debtors' Plan. *See Southern Foods,* Case No. 19-36313, Dkt. No. 3400, p. 19 (providing opportunity to "Opt Out of the Release, Exculpation, and Injunction Provisions Set Forth in Article IX of the Plan.").

19. The U.S. Trustee is not disputing the Debtors' ability to release estate claims. This exculpation provision, however, compels third parties to release non-debtors under the same framework and is not permitted under Fifth Circuit authority.[4] "This is exactly the sort of release the Fifth Circuit forbade in *Pacific Lumber*: it releases the Released Parties from liability for non-willful misconduct during the pendency of the bankruptcy." *In re Bigler LP,* 442 B.R. 537, 546 (Bankr. S.D. Tex. 2010); *citing Pac. Lumber Co.,* 584 F.3rd at 252.

### V. Conclusion

For the reasons above, this Court should deny confirmation absent the modification detailed herein, and grant such other and further relief as it may deem just and proper.

---

[4] As noted above, the U.S. Trustee does not dispute that members of the unsecured creditors committee and committee professionals may receive full exculpation coverage consistent with *Pacific Lumber*.

Dated: March 30, 2021

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN and WESTERN
DISTRICTS OF TEXAS

By: /s/ Hector Duran
Hector Duran
Trial Attorney
Texas Bar No. 00783996
515 Rusk, Suite 3516
Houston, TX 77002
Mobile: (202) 527-4538
Telephone: (713) 718-4650 x 241
Fax: (713) 718-4670
E-Mail: hector.duran.jr@usdoj.gov

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 30, 2021, a conference was held pursuant to BLR 9013-1(g) with John F. Higgins, IV, Esq. of Porter Hedges, LLP, counsel for the Debtors, but the parties were unable to resolve the matter.

/s/ Hector Duran
Hector Duran

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic means via ECF transmission or BNC noticing to all Pacer System participants in these bankruptcy cases, on the 30th day of March, 2021.

/s/ Hector Duran
Hector Duran